**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-60663
(Summary Calendar)
_____


PATRICIA A. YATES,

Plaintiff-Appellee,

versus

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:93-CV-325-BrN)
_____

May 14, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia A. Yates appeals the district court's grant of summary judgment in favor of her employer in her race discrimination action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e _et seq._

Yates, an African-American female, was employed by the Social Security Administration, a division of the Department of Health and

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Human Services.  Yates was not selected for either of two positions as Hearing Clerk being filled, for which she had applied.  Yates claims that she was discriminated against on the basis of her race, and then retaliated against in her performance rating and the denial of overtime requests.

On appeal, Yates argues that the district court abused its discretion by allowing her counsel to withdraw.  The defendant filed its motion for summary judgment on January 13, 1995.  On January 20, 1995, Yates' counsel filed a motion to withdraw based on irreconcilable differences, which was granted on February 9, 1995.  The plaintiff was then granted extensions of time, finally filing her response to the motion for summary judgment on April 28, 1995.  We find no abuse of discretion in the district court's ruling on this motion. *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989).

Yates' substantive argument is that the district court erred in granting summary judgment, where issues of material fact exist. Having reviewed the record as well as the parties' briefs, we agree with the district court that Yates has failed to demonstrate that the agency discriminated against her because of her race.  Thus, no material issue of fact exists, and the defendants are entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56.

For the reasons stated in the district court's careful, thorough and well-reasoned analysis of the plaintiff's claims, the judgment is **AFFIRMED.**